NO. 07-11-00065-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 28, 2011

_____

AMERICAN PREFERRED SERVICES, INC.,

Appellant

v.

LADELL HARRISON, ON BEHALF OF MATTHEW C. ALLEN, JR.,
TEDDIE J. ALLEN, AND THE MATTHEW AND TEDDIE ALLEN
CHARITABLE REMAINDER ANNUITY TRUST, ET AL,

Appellees

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 62,365-B; HONORABLE JOHN B. BOARD, PRESIDING

_____

BEFORE QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**DISSENTING OPINION**

Finding myself in disagreement with my colleagues, I must respectfully dissent

from the majority's opinion and the Court's judgment affirming the trial court. I would

reverse the trial court's denial of the special appearance filed by American Preferred

Services, Inc. ("APS").

Like the majority, for convenience I will refer to appellees as "the Allens." On appeal, in support of the trial court's order, the Allens rely primarily on the proposition that specific jurisdiction in Texas may be based on a misrepresentation directed toward Texas by the nonresident defendant.[1] The majority, however, finds the trial court's order may be affirmed on another basis. It focuses on the relationship between APS and the now-bankrupt National Heritage Foundation, Inc., the issuer of the annuity. The majority is correct that APS letterhead stated it to be "administrator" for the foundation's charitable gift annuity program. And the majority correctly notes, as the trial court found, that evidence showed APS performed certain tasks in its capacity as "administrator." From my review of the record, however, the role of APS with regard to administration of the annuity seems analogous to that described in *IRA Resources, Inc. v. Griego,* 221 S.W.3d 592 (Tex. 2007) (per curiam), in which that company's role was found insufficient to support specific jurisdiction. 221 S.W.3d at 597-98.[2]

Further, I conclude that APS did not otherwise purposefully avail itself of the privilege of conducting activities within Texas, but that it simply was fortuitous that Mr. and Mrs. Allen resided in our state. *See Moki Mac River Expeditions v. Drugg,* 221

---

[1] The Allens' brief on appeal contains the assertion, "A misrepresentation made by a nonresident defendant directed toward Texas is sufficient to assert specific jurisdiction." They cite *Wright v. Sage Engineering, Inc.*, 137 S.W.3d 238, 252 (Tex.App.—Houston [1st Dist.] 2004, pet. denied); *Boissiere v. Nova Capital LLC*, 106 S.W.3d 897, 904-06 Tex.App.—Dallas 2003, no pet.) and *Shapolsky v. Brewton*, 56 S.W.3d 120, 135 (Tex.App.—Houston [14th Dist.] 2001, pet. denied). Such a statement may have reflected the law in Texas at one time, but if so, no longer. *See Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 790-91 (Tex. 2005) (disapproving opinions including *Boissiere*, 106 S.W.3d at 904-05).

[2] *See also Meader v. IRA Resources, Inc.,* 178 S.W.3d 338, 347-48 (Tex.App.—Houston [14th Dist.] 2005, no pet.) (also finding contacts during administration of IRA insufficient to support jurisdiction).

S.W.3d 569, 576-79 (Tex. 2007) (discussing examples of purposeful contact sufficient to support exercise of specific jurisdiction). All of the actions of APS in question occurred in Pennsylvania. It appears undisputed that, although APS prepared the financial illustrations for the proposed charitable annuity from information about the Allens that Lawrence Rasche provided APS, and prepared the application form and the annuity agreement, APS had no direct contact with the Allens.[3] It also appears undisputed that APS did not initiate the transaction with the Allens, but had never heard of them before Rasche contacted APS. In short, I would find that APS has negated the bases of personal jurisdiction asserted by the Allens in this case, and would reverse the trial court's order denying APS's special appearance. Because the Court does not do so, I respectfully dissent.

James T. Campbell
Justice

---

[3] By its use of the term "intermediary," I do not understand the majority to be suggesting Rasche was acting as an agent of APS in his dealings with the Allens. The Allens' pleadings allege that Rasche was an agent of the Allens, as one of their "financial and investment advisors" and owed them fiduciary duties. The trial court's findings refer to Rasche as "a financial planner with whom APS was working." Rasche testified that after meeting with the Allens, seeking an annuity that would meet their needs he obtained "illustrations back and forth from many different places."

3